35 F.3d 570
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry D. GOOD, Petitioner-Appellant,
v.
Robert BORG; William Duncan, Respondents-Appellees.
 No. 94-15416.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 7, 1994.*
Decided Sept. 13, 1994.
 
 Before: HALL, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Good, a California state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his state conviction for manufacturing methamphetamine. Good contends the trial court denied his right to due process and compulsory process by denying his motion to depose a witness who would have impeached the testimony of a state witness. We have jurisdiction under 28 U.S.C. Sec. 2253. We review the denial of a Sec. 2254 petition de novo, Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991), and affirm.
 
 
 3
 Good contends the trial court's refusal to transport a defense witness or to permit his deposition violated Good's Sixth Amendment right to compulsory process and his Fifth Amendment right to due process because the testimony would have impeached the testimony of witness Harvison, who provided the only direct evidence of methamphetamine manufacturing. This contention lacks merit.
 
 
 4
 Recently, the Supreme Court held that in reviewing a collateral challenge based on a "trial-type" constitutional error, a federal court will not reverse the conviction unless the error had "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); Henry v. Estelle, No. 91-55691, slip op. 9447, 9460 (9th Cir. Aug. 19, 1994). The error complained of here is a trial-type error because it "occurred during the presentation of the case to the jury." Henry, No. 91-55691, slip op. at 9460 (quoting Arizona v. Fulminante, 111 S.Ct. 1246, 1264 (1991)). Thus, we must determine whether the denial of the application to depose Stuckey had a "substantial and injurious influence" on the verdict. See Henry, No. 91-55691, slip op. at 9460. Under this standard, Good is not entitled to habeas relief based on the alleged trial error unless he can establish that it resulted in actual prejudice. See Brecht, 113 S.Ct. at 1722.
 
 
 5
 As the Court of Appeal noted, there was abundant evidence which would support the verdict even if Harvison's testimony was disregarded. As appellees point out, in addition to the uncontroverted proof of the operation of a methamphetamine laboratory in the Moran residence, the officers conducting the search discovered Good seated at the kitchen table, making a chopping motion with a spatula into a substance determined to contain methamphetamine. On the table was a triple beam scale and items used for packaging methamphetamine. Good's fingerprints were discovered on two beakers used in the manufacturing process. Finally, Moran's alleged scheme to shift the blame to Good is placed in doubt by Moran's guilty plea to the same charges levied against Good.
 
 
 6
 Good has not established that the alleged trial error, the denial of the request to depose Stuckey, resulted in actual prejudice. Therefore, Good is not entitled to habeas relief. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3